IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JUL 0 8 2016
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-106-BLG-SPW-CSO |
| Plaintiff, | |
| vs. | OPINION and ORDER |
| CODY RAY DENNIS, | |
| Defendant. | |

Defendant Cody Dennis has filed two motions *in limine*. He is charged with conspiracy to possess with intent to distribute methamphetamine. As discussed below, the Court grants one and denies the other.

## I. Legal Standard

A motion in limine "is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). District courts have broad discretion to make evidentiary rulings conducive to the conduct of a fair and orderly trial. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). This wide discretion includes determinations of relevancy and weighing the probative value of proffered evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds."

1

*BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010) (citation omitted). Finally, rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Id.* (citation omitted).

## II. Motion in *Limine* #1

Dennis's first motion *in limine* asks the Court to exclude any expert testimony regarding the meaning of alleged coded language about drug transactions contained in text messages. The government represents that it has not decided whether to present expert testimony related to drug jargon, but that drug jargon is an appropriate area for expert testimony. The Court agrees with the government.

"Drug jargon is well established as an appropriate subject for expert testimony and investigating officers may testify as drug jargon experts who interpret the meaning of code words used in recorded calls." *United States v. Vera*, 770 F.3d 1232, 1241 (9th Cir. 2014). Police officers may testify about their interpretations of coded words based on their training and experience. *Id.* Such testimony may be offered as an expert witness opinion pursuant to Fed. R. Evid. 702 or a lay witness opinion pursuant to Fed. R. Evid. 701. *Vera*, 770 F.3d at 1241-1243.

2

The Court cannot impose a blanket prohibition on testimony as to the meaning of alleged drug jargon contained in text messages. If Dennis believes the government has failed to meet the requirements of Fed. R. Evid. 701 or 702 before eliciting an opinion as to the interpretation of drug jargon, he may make a contemporaneous objection. The Court denies Dennis's first motion *in limine*.

### III. Motion *in Limine* #2

In his second motion *in limine*, Dennis seeks to preclude any evidence that he was in the process of changing his name before he was arrested. The government states that it will not elicit any testimony on the subject. In the absence of opposition, the Court grants Dennis's second motion *in limine*.

### IV. Conclusion

IT IS HEREBY ORDERED that Dennis's Motions *in Limine* (Doc. 81) are DENIED as to Motion in *Limine* #1 and GRANTED as to Motion *in Limine* #2.

DATED this 8th day of July, 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge

3