IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JUL 08 2016
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CODY RAY DENNIS,<br><br>Defendant. | CR 13-106-BLG-SPW-CSO<br><br>OPINION and ORDER |

The grand jury indicted Defendant Cody Dennis for conspiracy to possess with intent to distribute methamphetamine. Dennis has moved for the disclosure of grand jury materials. Dennis asserts that there may be grounds to dismiss his Indictment. Specifically, Dennis claims that the grand jury may have indicted him as a result of misidentification. Alternatively, Dennis asks for disclosure of the grand jury information pursuant to the Jencks Act.

Because "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings... courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218-19 (1979). One exception to grand jury secrecy is found at Fed. R. Crim. P. 6(e)(3)(E)(ii), which states:

> The court may authorize disclosure--at a time, in a manner, and
> subject to any other conditions that it directs--of a grand-jury matter:

1

> **(ii)** at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]

The party seeking grand jury transcripts must demonstrate "that a particularized need exists that outweighs the policy of grand jury secrecy." *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985). "Particularized need must be based on more than mere speculation." *United States v. Syling*, 553 F. Supp. 2d 1187, 1190 (D. Haw. 2008).

The Court finds that Dennis has not shown a particularized need that outweighs the policy of grand jury secrecy. Dennis does not establish how information regarding any confusion about his identity would lead to a dismissal of the Indictment. Of course, Dennis can argue to the jury that he did not conspire to possess methamphetamine or that the government is prosecuting the wrong person. Dennis can assert those defenses based upon the full discovery provided by the government. However, those are factual defenses to the charge; Dennis does not show that any confusion regarding his identity would constitute a legal reason "to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

Further, the Court cannot order the government to disclose grand jury transcripts of trial witnesses before the trial begins. The Jencks Act, found at 18 U.S.C. § 3500, requires the government to produce pretrial statements, including

grand jury transcripts, made by its witnesses related to the subject matter of their trial testimony. *United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1031 n. 1 (9th Cir. 2009). However, the Jencks Act limits this Court's authority to order the production of such statements until after the Government witness testifies on direct examination. 18 U.S.C. § 3500(a). A defendant's motion under the Jencks Act is premature if made prior to trial. *Ogden v. United States*, 303 F.2d 724, 734 (9th Cir. 1962). In any event, the government represents that it has already provided the only Jencks Act material in its possession to Dennis. (Doc. 67.)

For the foregoing reasons, IT IS HEREBY ORDERED that Dennis's Motion for Production of Grand Jury Materials (Doc. 83) is DENIED.

DATED this 8th day of July, 2016.

SUSAN P. WATTERS
United States District Judge